## JACOB COLLINS *versus* NOAH H. EVANS.

In replevin for two oxen, the defendant pleaded that they were not the property of the plaintiff, and issue was joined thereon ; and upon the trial it appeared that the plaintiff had leased the oxen for the term of three months, and that before the expiration of the term they were attached by the defendant, a deputy sheriff, as the property of the lessee. It was *held*, that the action of replevin could not be sustained, inasmuch as it was commenced before the expiration of the term, when the plaintiff had not the right of possession ; and although the term had expired before the rendition of judgment, a return was ordered, because the question, in whom was the general property, had not been tried.

REPLEVIN for two oxen, alleged to be the property of the plaintiff. The writ was dated the 24th of September, 1832, and was served on the 25th. The defendant pleaded that the property was in one Haskins, at the time of the taking by the defendant, and prayed for a return, &c. The plaintiff replied that the property was in himself ; and issue was joined thereupon.

At the trial in the Common Pleas, before *Williams* J., it was shown by the plaintiff, that on September 10, 1832, an agreement was entered into between him and Haskins, by which Haskins, for a valuable consideration, was to have the use of the oxen for the term of three months from that day , that Haskins then paid the consideration and the oxen were delivered to him : that Haskins then signed and gave to the plaintiff a writing, as follows : — " September 10, 1832. Then took a pair of oxen of Jacob Collins, to keep three months, to be returned, worth thirty-eight dollars and interest ; " and that on the 17th of September the oxen were attached by the defendant as a deputy sheriff, in an action brought by E. Doggett and another against Haskins, which action was still pending.

Miller
*v.*
Miller.

Collins
*v.*
Evans.

The defendant contended, that the foregoing evidence was insufficient to put him upon his defence, and that this action could not be maintained, inasmuch as Haskins, and not the plaintiff, at the time of the attachment and at the time of the date and service of the plaintiff's writ, was entitled to the possession of the oxen, and also that Haskins had such a property in them as to render them liable to attachment in an action against him.

The plaintiff contended, that the defendant had no right to attach the oxen, and that his attachment was such a conversion of the property as to give the plaintiff an immediate right of action, without waiting for the expiration of the three months specified in the agreement.

The Court directed a nonsuit ; to which direction the plaintiff filed exceptions.

*Oct. 24th.*

*Coffin* and *Clifford*, for the plaintiff, endeavoured to distinguish the case from that of *Wheeler* v. *Train*, 3 Pick. 255, on the ground that the oxen were delivered to Haskins on a personal trust, which was terminated by an unlawful interference on the part of the defendant. *Farrant* v. *Thompson*, 5 Barn. & Ald. 826. To the point that a return could not be ordered, he cited *Wheeler* v. *Train*, 4 Pick. 168.

*Hathaway*, for the defendant, cited on the first point, *Wheeler* v. *Train*, 3 Pick. 255 ; *Gates* v. *Gates*, 15 Mass. R. 310 ; *Gordon* v. *Harper*, 7 T. R. 9 ; 1 Chit. Pl. 159 ; *Pain* v. *Whitaker*, Ry. & Moody, 99.

*Oct. 25th.*

PUTNAM J. delivered the opinion of the Court. It appeared *from the plaintiff's own showing*, that he had, for a valuable consideration, let the oxen to hire to Haskins for three months, which were unexpired when the replevin was sued, and that Haskins then had the actual possession of the cattle in virtue of that contract of bailment. And it further appeared by the plaintiff's showing, that the defendant attached the property as belonging to Haskins, upon a writ in favor of a creditor of Haskins, and that the action against Haskins is pending. The three months during which Haskins was to have the oxen, have expired. And the question raised by the parties is, whether this action can be maintained. We are all of opinion, that inasmuch as the plaintiff had no

right to the possession of the oxen at the time when this action was commenced, he cannot support an action of replevin ; for to maintain replevin it is one of the indispensable requisites, that the plaintiff should have a right to the possession of the goods.   *Wheeler* v. *Train*, 3  Pick. 255.

And as the plaintiff had no right to his replevin, we are of opinion that the defendant is  entitled to have a return of the property, to be  disposed of  according to law, as it was wrongfully taken from his possession.   *Butcher* v. *Porter*, 1 Salk. 94 ;  *Crosse* v. *Bilson*, 6  Mod. 102.

It has been contended, on the authority of *Wheeler* v. *Train*, 4 Pick. 168, that the defendant is not entitled to a return.   That case is in some respects like to the case at bar.   The plaintiff failed to  recover, because he had leased the goods, and they were in the possession of the lessee when the action was brought.   The lease had expired before the verdict, but it was proved in that case,  that the plaintiff was the general owner.   His counsel contended, that under those circumstances there should  be  no  return to the officer who had attached the goods as the property of a third person.   If the property was in the plaintiff, it is very obvious that the attaching creditor could have no benefit from a return ; and the counsel for the  defendant consented  to have  a judgment for costs only, without a return.   But in the case at bar the question in whom the general property was, has not been tried.   It may be  that  upon the trial of that question it will be found to be in  Haskins, and then the defendant should have the property returned, to be taken by any execution that the attaching creditor may obtain against Haskins.

We are therefore all of opinion, that the plaintiff must be nonsuit, and that the property should be returned to the defendant, and that he should recover his costs.